Thank you, Your Honor. My name is Daniel Kaplan. I represent the appellant Christina Favela-Favela. I'm going to be watching the clock and try to save about two minutes for my rebuttal time. The judge's obligation in sentencing a defendant is to sentence the defendant before them, not that individual 20 years earlier or 17 years earlier or even 7 years earlier, but the individual before them at the time of sentencing. In this case, the district judge imposed two conditions upon Ms. Favela, a no alcohol condition that appears to be grounded on an incident that was 17 years old at the time and a mental health condition that appears primarily to be based on conditions that were imposed by the Southern District of California 19 or 20 years earlier with no apparent basis for them in the record. So this is a review for abuse of discretion, the no alcohol condition, correct? Correct. So it's old. It's old, but quite serious. So tell me why it's an abuse of discretion to impose that condition. Well, Your Honor, the age and staleness of the incident is certainly a factor. I'm not suggesting it's the only factor. The government in the briefing has cited a case from this court called Hohag, U.S. vs. Hohag. And Hohag looks at two cases from this court that deal with an issue of staleness. One is called TM and one is called Johnson. TM said it was too stale and Johnson said it was not too stale. And an important factor that the Hohag court finds to, so to speak, thread the needle, is that there was some recent event, some recent event that in the terms of the TM panel, revived an old offense. In other words, revived the concern that's triggered by an old offense. And it makes it not too stale. In this case, we have an account of certainly very disturbing issues regarding Ms. Favella's children and how they were neglected at that time in 2005. We also have in the same record indications that she turned herself around. She became a good, responsible mother within three years of that incident. And that's it. We have nothing to revive the concern about alcohol abuse in the intervening years. And there's no suggestion that there is any such thing. The government hasn't suggested it and the court didn't suggest it. Government didn't suggest it below. So I would say that the key thing in terms of that alcohol, the no alcohol condition, is that it's simply an old stale issue, an incident that is not revived by anything recent. But to use a stark example, a parking ticket five years ago may be stale, but a murder 20 years ago may not be stale. And this was a pretty serious incident involving the abandonment of the children and endangerment of the children. Also, she could go out drinking and lying about that. A pretty serious incident. And so why doesn't he have discretion to say, you know, you're going to be a teetotaler because we just want to make sure you're on your best behavior because you didn't comply with your conditions the first go around. And we're really going to make sure you're in top shape. Why is that an abuse of discretion? Well, one thing I would say is that there were certainly serious past incidents that were addressed in the TM case, excuse me, and in several of the other cases involving issues of staleness that I cited in the brief and the other thing is that there is a condition that had been imposed by the Southern District of California before the case was transferred that said there should be no excessive use of alcohol. And defense counsel said to the district judge, we're okay with you reimposing what the Southern District imposed and no excessive use of alcohol. And there's two cases called Beck's for some reason that I'm citing. One is from this court and one's from the Second Circuit that both said a no alcohol condition was an abuse of discretion. And both of those cases said, look, there's a no excessive alcohol condition. We don't need no alcohol of any kind on top of that. So I certainly don't dispute, it was very serious, the allegations of neglect from 2005. But my answer is as serious as it was at that time, within three years, according to the probation officer, she really turned herself around, she became a responsible mother, and it's been many years since then. So the seriousness of it in and of itself does not cause it to still be a issue of concern at the present time and there's no evidence that that concern has been revived. There's another issue with respect to the mental health condition, which apart from its being based on sale information, it also involves an unlawful delegation of authority to the probation officer. And there's a recent case from this court called Nishida, which is cited in the government's brief, that did not involve the same language but involved the same issue. And in the Nishida case, the court found that the language the district judge used on its plain meaning created an unlawful delegation of sentencing authority to the probation officer and that the proper thing to do was to vacate that condition and remand the case. And the court said on the remand the court can clarify, it did use the word clarify, and what it meant I believe was that the court said it's not clear the district judge meant to delegate but the district judge used language that does in fact delegate. And therefore on remand the district judge can basically, I think in the terms used in the Franklin case, in the Peterson case from the Second Circuit, the district judge has to decide with instructions from this court, either if you can't, but if you don't want it to delegate that, if you didn't want to delegate that, you need to use different language that doesn't delegate. Counsel, the government filed a 28-J indicating that there's now new language as to the mental health condition. If this court finds that the record adequately supports the the imposition of the mental health condition that she has to undergo mental health assessment, the government says it's fine with a limited remand so that the new language reimposed. Would you still have concerns? And what would those concerns be? Yes, Your Honor. As I noted in my response to that 28-J notice, the new language is a little bit better and it addresses a problem that is not exactly the problem I was addressing. It addresses the ESPARZA problem, which is delegating the authority to the probation officer to decide whether the defendant is going to have inpatient as opposed to outpatient mental health treatment. And it's an improvement to specifically say it's going to be outpatient. But it doesn't address the basic fact that whether to have mental health treatment or not is being delegated to the probation officer and that that's improper. If we find this language to be ambiguous, then shouldn't we construe this in a way that avoids a potential unlawful delegation issue? So, Your Honor, that was the argument that the dissenting judge in Nishida made that we should just, the court should just construe it to avoid the problem. And that was also something that the unpublished Stevens' decision did with this exact language. But the majority in the published Nishida case says, no, we can't do that. This plain language does create a delegation. But I guess in Nishida, they thought the meaning was plain and clear. But here, if we find it to be ambiguous and it is different language, it is a slightly different issue. Shouldn't we construe it in a way to avoid that issue? Well, the problem with that, Your Honor, is sentencing really belongs to the district judge. So, I think it's more appropriate to do what was done in the Franklin case and the Peterson case to say what they both said it is appears to be ambiguous. They said if it's ambiguous, we have to remand it with the instructions that I just described and tell the judge, if you want to delegate, you can't. But if you didn't mean to delegate, just use new different language. I'd like to preserve  it. Good morning and may it please the court. Matthew Doyle on behalf of the United States. Your Honor, three issues are presented on appeal, whether this record abuses discretion in opposing the supervised release condition prohibiting the use or possession of alcohol. Second, whether the district court abused its discretion in imposing the mental health condition. And third, whether there was an improper delegation in the district court imposing that mental health condition because it did not abuse its discretion in either instance in order to improperly delegate its authority to sentence and provide punishment, this panel should affirm. What's your response to the argument that the court could have imposed a condition against excessive alcohol use? And what's what justified taking the additional step of a total ban based on nothing more than one incident 17 years ago? That would readily have justified not excessive. But why go the extra step? What justifies that in the record? Your Honor, I think it goes back to the discretion of the district court judge to impose a necessary, but I do not think that that means that there is only one condition that could possibly be imposed. I think it's been the district court's discretion to impose a condition such as he did here. What shows? I mean, there's a delta between those. What shows the need to go from one to the other? Yes, Your Honor. I think when you look at the case law in the case law cited relating to alcohol conditions by the appellant, whether it be either that's case, whether it be the bell case, the Robertson case in each one of those instances, there were no previous allegations or considerations of actual alcohol abuse. Here, there's a much more serious one. Further, in the other conditions that aren't related to alcohol abuse, they implicate more significant liberty interests in the one issue here. So the way that I gather from reading all the case law and what I tried to relay in my brief is that there seems to be a spectrum that the district court considers and then on review that you consider whether it was an abuse of discretion. On one end of the spectrum, you have cases like the one at Barr where there's a very serious prior incident. It is old and that age is taken in consideration. However, it does not involve the same kind of significant liberty interests at issue in those other cases, whether it be sex offender conditions, which are some of the most intensive and highly restrictive of one's liberty interests or whether it involved mental health treatment or drug treatment, all of which provide a much greater scrutiny towards the condition that is imposed because they implicate more significant liberty interests and they also provide more severe restrictions on those. Counselor, let me ask you about the mental health condition because one of the arguments raised by the defense is that there's an improper delegation as the decision as to whether to have mental health treatment or not. And as I read this provision, it really isn't clear. I think it's a fair reading to say that the as determined to be necessary by the mental health professional means that that's issue as to whether to have treatments been delegated. Now, since you're conceding to a remand to impose this new language, why not clarify who is making the decision to have mental health treatment? Yes, Your Honor. So I think, as I argued and stated in my 20HA, I don't believe that it is an improper delegation. This case on multiple occasions in the last three years, albeit in unpublished decisions, have upheld the condition as not providing an improper delegation against the exact same attack because it uses the mandatory language from the Stevens case from 2005. And that is mandatory language is used. And as Judge Lee had alluded to, if you can be construed as providing a mandatory condition, then that is sufficient to uphold it. I believe it's construed that way to avoid a problem. So why not redraft it so that the language is clear that there's no delegation here? And I think that's what the district court attempted to do in addressing it post Nishida, although I'm not privy to the reasoning as to why I believe it was an abundance of caution to make it clear that the ultimate issue in Nishida was also the concern of inpatient versus outpatient treatment. And that underlines this court's previous precedence as well, that throughout the last couple of decades, a lot of the case law that has been produced is most concerned with the greater restriction on one's liberty that inpatient treatment provides. And because in Nishida, the duration portion of it was what was most concerning to the court. They remanded for the court to clarify that it was not permitting the probation officer to impose inpatient treatment. I think that is still true of a condition here as it was in 2020 and 2021. And I believe that because of that, it can be be affirmed again. Turning to the mental health treatment condition and its sufficiency. Appellant in his argument noted that while it was based only on 20 year old mental health conditions that were imposed previously, I don't believe that is true. Yes, there was a previous conditions that were imposed that required mental health conditions. But then there are also several instances after the fact that raised greater concerns regarding mental health. At her original sentencing, the defendant noted to the probation officer and is noted in the PSR that she suffered a panic attack. She suffered from anxiety. Depression had sought this help from a doctor and that she gained comfort from speaking to others. But I most importantly, she wrote to the district court judge that she and her family were in need of therapy sessions. Given the situation in her family life, I do not see how it could rise to an abuse of discretion for a district court judge to impose a mental health outpatient mental health condition. When the defendant herself is telling the district court judge, I and my family are going to ultimately therapy sessions. If I can go back to the no offense she committed. But on the other hand, I was a long time ago. She was very young. And when you're young, you do a lot of dumb things. And sometimes those dumb things are very dangerous. I mean, is there a statute of limitations, so to speak, for imposing a no alcohol condition? Say it's not been 30 years since this offense, and she hasn't had any alcohol problems. I mean, would that would be an abuse of discretion for a court impose a no alcohol condition 30 years later? I don't think there's a bright line rule, Your Honor. I think it's also notable that when it comes to alcohol, it is often a lifelong issue that you have to manage. Um, there is no suggestion that there has continued to be greater abuse of alcohol since that prior instance. But I think the likelihood of it happening again is raised by the type of behavior that it concerns. I think that 30 years is certainly a different question than we have here today at 17 years. And the fact is also that she still remained in custody of five minor Children at the time of her sentencing for the improvised release violation. So if the district court's greatest concern was based off of her alcohol abuse, leading to the calamitous effects on the Children, the possible risk of harm to the Children, she still is in custody of multiple minor Children at the time he sentenced her in 2022. Do you know if she still has custody of minor Children? I am not privy to that, Your Honor. I know at the time of sentencing, their ages were related to court. Um, and although she was incarcerated and must care in custody of the Children was taking care of another, I am not privy to whether she still maintains legal custody of those Children. What's the status of her term of supervised release? So she was sentenced to a year of supervised release. She has served her four months imprisonment, and she's currently out on supervised release. Um, if I remember correctly, she was sentenced back in July of last year, so she would have another few months to go, um, on supervised release. So her term will expire at some time. When do you? I would. I would need to go back and double check your honor. But I believe that this is towards the end of this summer, somewhere around August, I believe. Um, but I will defer to a felon on the exact date. Um, as far as the alcohol conditions, Your Honor, I just want to reiterate the fact that I understand that this is an old offense, an old instance of conduct. But I think there is ample opportunity for this report judges. Look, yes, consider the age of the prior. But do you know whether or not she was sent to mental health treatment? Because if we're already six months into the supervised release, presumably she's had the mental health assessment. We know the status of that at this moment, Your Honor. Um, and going back to the alcohol conditions, I believe there is a spectrum where, yes, you consider the age of the prior instance, but you also consider the severity of the restriction and the likelihood of that happening. Subject to any more questions from my court, I would rest on my briefs and ask you to refer. Thank you. Thank you. And going back to the alcohol conditions, as far as the yes, my question about what's the status of the term of the supervised release and whether or not he was sent probation for a mental health assessment. And what happened? I can't address the second one. I don't know the status of the mental health treatment. I could try to look into that. Um, as far as the term, uh, was indicated that she was released from until around November to finish her one year term of supervised release. But I have not confirmed that with the B. O. P. Or with probation. You know, if she still has custody of the minor Children, I don't know. I don't know that either. Uh, I don't know. I know there's been ongoing issues over the years between her and social services towards the Children until around November. As far as the issue of delegation, I would like to point out that the government cited a couple of unpublished decisions from this court that do address this exact language. And, um, it seems to me that they find no delegation only by really just not addressing that key phrase as determined to be necessary. And that's what really distinguishes this language from language that's addressed in any of the published cases that are cited in the briefs. And that, um, is the language that appears to clearly indicate the delegation. And it's very kind of a weird argument because the clear you said there's a special condition for mental health treatment that appears appropriate based on your previous engagement and concerns the court has over your mental health. So clearly he wanted her to have it. It's kind of a weird argument to make to say, you know, you gave the mental health professional the discretion to say, No, you're fine. I think you're okay. Let it go. No, you gotta make sure he forces it. It seems sort of almost counter to her interest. Why wouldn't you like the flexibility of maybe getting a pass? Well, what the court, um, indicated, I believe, is he clearly wanted to have the assessment and that the determination after the assessment of whether, okay, she actually needs this or not is would be up to the probation officer. But if on remand, the court were to think better of the whole thing, and if he has to make the decision himself, he doesn't see any need for the new provision says as determined to be necessary by a medical or mental health professional. So I don't think the court has better expertise than the professionals do in determining whether a patient mental treatments necessary, right? You would object to that to want the court to medical professional. Well, if the court had an assessment before it and it could make a determination, but for the court to say other non judicial actors are gonna do an assessment and then they'll decide whether she has to do this or not. I believe that's contrary to this court's case law on the issue of delegation. All right, you're over time. No further questions. Thank you very much. Both sides. Re argument matters submitted. One day versus city Phoenix. The next case up for our business. I believe that's contrary to the court's determination based on necessary an assessment. I don't want to go over time, so
judges: NGUYEN, COLLINS, LEE